842 F.2d 1289
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lucy R. CRAWFORD, Plaintiff-Appellant,
v.
AVON PRODUCTS, INC., Defendant-Appellee.
 No. 87-3589.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 6, 1988.
Decided March 7, 1988.
 
 J. Michael McGuiness (Gregory Kornegay, Law Student; Reid, Lewis & Deese; Marvin Blount, Jr.; Judith L. Kornegay; Nelson B. Crisp; Blount & Crisp, on brief), for appellant.
 Jesse P. Schaudies, Jr. (Christopher S. Miller; Troutman, Sanders, Lockerman & Ashmore; Robert W. Spearman; Adams, McCullouch & Beard, on brief), for appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, DONALD RUSSELL and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Lucy Crawford appeals the district court's summary judgment order denying relief for her ADEA and ERISA claims. 29 U.S.C. Sec. 626(b) and (c); 29 U.S.C. Secs. 217 and 216(b); 29 U.S.C. Sec. 1132(e)(1). Crawford also appeals the dismissal of her wrongful discharge claim pursuant to Rule 12(b)(6) and the denial of her motion to compel answers to her second set of interrogatories.
 
 
 2
 Lucy Crawford was a district sales manager for Avon, Inc. Despite warnings of dismissal from her superiors, Crawford could not restrain herself from employing sales representatives outside her designated district. Such "infringement" violated Avon's company policy and Crawford was fired.
 
 
 3
 The district court found no genuine dispute of material fact regarding Avon's legitimate, nondiscriminatory reason for terminating Crawford's employment. Crawford failed to show any credible evidence that insubordination, Avon's basis for firing her, was pretextual. Also, the lower court dismissed Crawford's wrongful discharge claim, refusing to recognize it as an exception to North Carolina's employment-at-will doctrine.
 
 
 4
 A review of the record and the lower court's opinion discloses that plaintiff Lucy R. Crawford's appeal is without merit. We affirm the district court based on its well-reasoned opinion. Crawford v. Avon Products, Inc., C/A No. 85-1682-CIV-5 (E.D.N.C. May 27, 1987).
 
 
 5
 In addition, we find that the lower court did not abuse its discretion in denying Crawford's motion to compel. The standard of review for discovery rulings allows the trial judge great discretion. The appellate court is "not in a position to second-guess the district court's determination of such matters, given the complex task of managing the multifarious questions which arise in such litigation." Ardrey v. United Parcel Services, 798 F.2d 679, 685 (4th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1575 (1987).
 
 
 6
 Crawford issued extensive interrogatories regarding employee records over a five-year period. Avon responded with six reports containing names and addresses, from which Crawford could obtain further information by her own efforts. The ability to obtain information from other sources has been held a sufficient reason to deny additional discovery. LaRouche v. Nat'l Broadcasting Co. Inc., 780 F.2d 1134 (4th Cir.1980).
 
 
 7
 Based on Crawford's ability to obtain the information elsewhere and the discretion afforded the lower court, we find that the trial court did not abuse its discretion in denying plaintiff's motion to compel. The decision of the lower court is
 
 
 8
 AFFIRMED.